UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | 18-CR-235-LJV-MJR |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| ROBERT CHAPLINE, | |
| Defendant. | |

_____

## INTRODUCTION

This case has been referred to the undersigned by the Hon. Lawrence J. Vilardo pursuant to 28 U.S.C. § 636(b)(1) for supervision of pre-trial proceedings and to hear and report on all dispositive motions. (Dkt. No. 31).

Defendant filed a supplemental motion for a hearing pursuant to *Franks v. Delaware* regarding the search warrant granted in this case on October 20, 2017. (Dkt. No. 62). For the following reasons, it is recommended that defendant's motion for a *Franks* hearing be denied.

## PROCEDURAL HISTORY

The Court assumes familiarity among the parties with the facts of this case and its procedural history. Therefore, only the relevant history is outlined here. On November 27, 2018, a Grand Jury returned an Indictment charging Defendant with two counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e); one count of receipt of child pornography in violation of 18 U.S.C. §§ 2251A(a)(2)(A) and

2252A(b); and ten counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Dkt. No. 29).

Defendant filed omnibus pretrial motions on April 15, 2019 seeking suppression of physical evidence, dismissal of one count of the indictment, and various discovery and disclosure requests. (Dkt. No. 39).  The Government filed a response in opposition. (Dkt. No. 40). An evidentiary hearing on the motion to suppress took place on June 10, 2019 and June 27, 2019. (Dkt. Nos. 50, 51). The parties filed post-hearing briefs and the Court heard oral argument on September 30, 2019. (Dkt. Nos. 52, 53, 54, and 55).

This Court issued a Report and Recommendation as to defendant's omnibus pretrial motions on October 30, 2019. (Dkt. No. 57). The Court recommended the denial of defendant's motion to suppress evidence and motion to dismiss, and granted and denied various discovery and disclosure requests. The Court's findings of fact are incorporated by reference herein. (*Id.* at pgs. 3-8).

On December 30, 2019, Defendant submitted objections to the Report and Recommendation and filed a supplemental motion for a hearing pursuant to *Franks v. Delaware*. (Dkt. Nos. 61, 62). The Government filed a response to defendant's objections and a memorandum in opposition to the supplemental motion. (Dkt. No. 65). Defendant filed a reply. (Dkt. No. 66). With objections to the Report and Recommendation pending before the District Court, Judge Vilardo referred the motion for a *Franks* hearing back to this Court for review. (Dkt. No. 67).

## **DISCUSSION**

Upon a challenge to a probable cause finding made in a search warrant, a reviewing court must give deference to the issuing judge. *Illinois v. Gates*, 462 U.S. 213,

236 (1969). The court is not to conduct a *de novo* review nor is it to "interpret[] affidavit[s] in a hypertechnical, rather than a commonsense, manner." *Id*. Instead, the role of a reviewing court "is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id*. at 238 (internal citations omitted). Indeed, warrant affidavits are entitled to "a presumption of validity." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). For these reasons, a defendant is permitted to challenge the veracity of a search warrant in limited circumstances. *United States v. Canfield*, 212 F.3d 713, 717 (2d Cir. 2000). One such circumstance is "where the affidavit in support of the search warrant is alleged to contain deliberately or recklessly false or misleading information." *Id*.  An untrue statement in a warrant will not automatically vitiate probable cause. *United States v. Martin*, 157 F.3d 46, 52 (2d Cir. 1998). It is required, however, that all statements in a warrant affidavit be "believed or appropriately accepted by the affiant as true." *Franks*, 438 U.S. at 165.

*Franks* requires that defendant make a "substantial preliminary showing" that such a false statement was knowingly, intentionally, or recklessly made, and that the allegedly false statement is necessary for the finding of probable cause. *Franks*, 438 U.S. at 155-56. That Court directed when a hearing is necessary:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any

> nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.

438 U.S at 171-72.

Here, defendant argues that a hearing is warranted based on inconsistencies between statements made by Agent Garver in the October 20, 2017 warrant applications[1] and the testimony of James Cross at the suppression hearing held on June 10, 2019. Defendant seeks a further hearing to determine whether a materially false statement was made knowingly, intentionally, or with reckless disregard for the truth by Agent Garver when he included in the warrant application the statement that defendant told James Cross that "some of the bad stuff [on his electronic devices] is child pornography." When questioned at the hearing, Mr. Cross denied that defendant told him anything about child pornography, and stated instead that he assumed defendant was referring to adult pornography during the conversation. Thus, as the Court found Cross's testimony to be credible, defendant offers this as proof for his allegations that the statement within the warrant application is false.

The government counters that the controverted application statement, if untrue, is not a deliberate or reckless falsehood because it was not Agent Garver who initially interviewed Mr. Cross. When drafting his warrant affidavit Agent Garver relied on information from another agent's interview with Cross. According to the FBI report of

---

[1] Agent Garver submitted two search warrant applications on October 20, 2017 which are identical apart from which electronic devices the FBI sought to search. The analysis here looks at the applications as though they are one and the same.

4

interview, Agent Knight and another Task Force Officer conducted a telephone interview with Cross on October 20, 2017 in which Cross stated that defendant told him he had child pornography on his tablet, cell phone, and laptop which he needed Cross to delete. The Government submits that Agent Garver simply relied on this information from Agent Knight when making his search warrant application. However, the Government cannot insulate one agent's deliberate or reckless misstatement in an affidavit merely by relaying it through another agent personally ignorant of its falsity. *See United States v. Perez*, 247 F.Supp. 2d 459, 478 (S.D.N.Y. 2003); *see also United States v. Whitley*, 249 F.3d 614, 621 (7th Cir. 2001) ("the validity of the search is not saved if the governmental officer swearing the affidavit has incorporated an intentional or reckless falsehood told to him by another governmental agent"). Here, the Court cannot determine whether Agent Knight's statements to Agent Garver constituted deliberate or reckless falsehoods. If the analysis rested on this point, a *Franks* hearing would be needed to reconcile the discrepancy between the statements and review the subjective intent of the officers involved.

But assuming, *arguendo,* that Agent Knight made a knowing or reckless false statement which Agent Garver relied upon, the affidavit still establishes probable cause to search defendant's electronic devices even after the allegedly false information is excised. *See United States v. Wapnick*, 60 F.3d 948, 956 (2d Cir. 1995) (explaining that even if appellants made a showing of false statements, a *Franks* hearing is required only if, after setting aside the false material, the affidavit's remaining content is insufficient to establish probable cause). The Second Circuit has instructed that in order to suppress evidence obtained pursuant to an affidavit containing erroneous information, a defendant must demonstrate that: "(1) the claimed inaccuracies or omissions are the result of the

affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehood or omissions were necessary to the [issuing] judge's probable cause finding." *Canfield*, 212 F.3d at 718; *quoting United States v. Salameh*, 152 F.3d 88, 113 (2d Cir. 1998). To determine whether the false information was material to the probable cause determination, a "court should disregard the allegedly false statements and determine whether the remaining portions of the affidavit would support probable cause to issue the warrant." *United States v. Trzaska*, 111 F.3d 1019, 1028 (2d Cir. 1997). Thus, the ultimate inquiry is not whether the affidavit contained false statements or material omissions, "but whether after putting each aside, there remains a residue of independent and lawful information sufficient to support probable cause." *United States v. Ferguson*, 758 F.2d 843, 849 (2d Cir. 1985).

A review of the search warrant application shows that the statements made by Jennifer Chapline (referred to as "Complainant") and "Victim" are independently sufficient to establish probable cause that child pornography would be found on electronic devices belonging to defendant without the need for the controverted information from Cross. (Dkt. Nos. 39-1, 39-2). The affidavit states that Ms. Chapline informed officers that defendant made "strange" statements to her after he was hospitalized for a stroke, including that he "would never hurt a child" and that he "was not a monster." He later asked Ms. Chapline if she had "seen the pictures" and stated that the pictures were "very dangerous." He stated that their son had taken nude pictures of Victim (which the son denied), and defendant was "fixated" on both getting his phone and seeing Victim. Further, the warrant application states that Victim said defendant showed her pictures and videos on his tablet and laptop computer that depicted adults and children having sex. Additionally, Victim

stated that defendant made her wear undersized, nearly clear clothing and took pictures of her. These statements undoubtedly establish probable cause. After disregarding the allegedly false statements of Cross the remaining portions of the application support probable cause to issue a warrant. Thus, it is not necessary to hold a further hearing on this issue.

Defendant argues that the Court's reliance on Cross's statement in its Report and Recommendation requires a finding here that the statement was material to establishing probable cause. Defendant places too much importance on this fact, as the Report and Recommendation does not depend on Cross's statements alone for its reasoning. It also points directly to the statements of Ms. Chapline and Victim which connected defendant to child pornography. Notably, the Court stated that "all of this evidence" was derived from sources other than those challenged in defendant's motion to suppress and satisfied the probable cause standard. (Dkt. No. 57, pg. 12). Despite hypothetical removal of another component of the warrant application, probable cause is still present.

The Government also objects that this request for a hearing is late and should be denied. The Government asserts that defendant already had an opportunity to cross-examine Cross after he gave contradictory testimony during the suppression hearing and could have explored the subject with Agent Garver when he testified two weeks later. Defendant argues that this supplemental motion is timely based on changed circumstances and previously unknown facts. The Court agrees that the evidentiary foundation for this request did not exist until Cross gave contradictory testimony during the hearing. Thus, defendant has shown good cause for the Court to consider this untimely motion under Rule 12(c)(3) of the Federal Rules of Criminal Procedure.

## **CONCLUSION**

For the foregoing reasons, it is recommended that the Defendant's supplemental motion for a *Franks* hearing (Dkt. No. 62) be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 59(b), 45(a), and 45(c) of the Federal Rules of Criminal Procedure, and Local Rule of Criminal Procedure 59. Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Criminal Procedure 59(c)(2), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal

8

authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED**.

Dated:   March 27, 2020
         Buffalo, New York

/s/ *Michael J. Roemer*

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge