UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ROBERT CHAPLINE,

      Defendant.

18-CR-235
DECISION & ORDER

---

On November 27, 2018, the defendant, Robert Chapline, was indicted on two counts of production of child pornography, one count of receipt of child pornography, and ten counts of possession of child pornography. Docket Item 29. Later that same day, this case was referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 31.

On April 15, 2019, Chapline moved to suppress evidence that had been obtained through a search warrant and to dismiss Counts 1 and 2 of the indictment as multiplicitous. Docket Item 39. On May 6, 2019, the government responded, Docket Item 40, and on May 20, 2019, Chapline replied, Docket Item 41. On October 30, 2019, Judge Roemer issued a Report and Recommendation ("R&R") finding that Chapline's motion should be denied in its entirety. Docket Item 57.

On December 30, 2019, Chapline objected to the R&R, arguing that both his motion to suppress and his motion to dismiss Counts 1 and 2 of the indictment should be granted. Docket Item 61. On January 23, 2020, the government responded to the

objection.  Docket Item 65.  And on February 6, 2020, Chapline replied.  Docket Item 66.

This Court heard oral argument on February 21, 2020, and reserved decision.  Docket Item 67.  The Court also ordered the parties to file supplemental briefs on the question of whether Counts 1 and 2 are multiplicitous.  *Id.*  The government filed its supplemental brief on March 6, 2020, Docket Item 70, and Chapline responded on March 20, 2020, Docket Item 71.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R, the record in this case, the objection and response, and the materials submitted by the parties.  Based on that *de novo* review, the Court accepts and adopts Judge Roemer's recommendation to deny Chapline's motion in its entirety.  This Court, however, clarifies that its denial of Chapline's motion to dismiss Counts 1 and 2 as multiplicitous is without prejudice to his renewing that motion after trial if the government fails to submit evidence of different underlying offenses for each of those counts.  This Court further orders the government to provide a bill of particulars **within 30 days of the date of this decision and order**.

**DISCUSSION**

The Court assumes the reader's familiarity with the factual background of this case and Judge Roemer's analysis in the R&R, see Docket Item 57.

**I.     MOTION TO SUPPRESS**

This Court agrees with Judge Roemer that there was an independent source for the warrant to search Chapline's Samsung Tablet and SanDisk Extreme Pro SD Card. See Docket Item 57 at 9-13.  More specifically, it is undisputed that the officer who prepared the warrant had already begun drafting it when he received the allegedly tainted information.  Thus, the warrant was being sought regardless, and the decision to seek a warrant was made independent of that information.  What is more, this Court has reviewed the warrant application and finds that after excising the paragraph containing the objectionable material, the remaining allegations are more than sufficient to support a finding of probable cause.

Chapline argues that because of the deeply unsettling nature of the information that was wrongly included in the warrant, "it is unrealistic to suggest that its inclusion did not 'affect[ ] [Judge Roemer's] decision to issue the warrant.'"  Docket Item 61 at 5.  But both Judge Roemer and this Court are capable of evaluating the *remaining assertions* in the warrant and determining whether those alone would support probable cause.

Chapline also contends that "nearly all of [the other] allegations are consistent with the presence of legal (but potentially embarrassing) adult pornography," and thus are not sufficient to support a finding of probable cause.  Docket Item 66 at 2.  This argument, however, ignores the child victim's testimony that Chapline sexually exploited her, including "photographing her in a sexually suggestive manner."  See Docket Item

65 at 12.  Even though it is true that some of the other evidence—such as Chapline's "deep[ ] concern[ ] with the contents of the electronic devices," *id.* at 13—could be the result of embarrassment over legal adult pornography, when combined with the victim's testimony, those allegations cross the probable-cause threshold.

For all those reasons, this Court adopts Judge Roemer's finding that Chapline's motion to suppress should be denied based on the independent-source doctrine.[1]

## II.     MOTION TO DISMISS COUNTS 1 AND 2 AS MULTIPLICITOUS

Count 1 of the indictment alleges that Chapline produced child pornography "[b]etween on or about December 10, 2012, the exact date being unknown, and on or about October 2, 2017."  Docket Item 29 at 1.  Count 2 alleges that Chapline produced child pornography "[b]etween on or about February 13, 2016, the exact date being unknown, and on or about October 2, 2017."  *Id.* at 2.  Chapline argues that these counts are multiplicitous because "the time period alleged in Count 1 fully encompasses the time period alleged in Count 2," and both counts "relate to the same individual, identified in the [i]ndictment as 'Victim 1,' and contain no other distinguishing information (differing locations, acts, or instrumentalities)."  Docket Item 61 at 12.  And Chapline is correct that both counts encompass the period between February 13, 2016, and October 2, 2017.

Judge Roemer found that "[d]espite the overlapping time, there are sufficient differences in the counts to maintain both counts."  Docket Item 57 at 22.  More specifically, he noted that based on the government's representations about the factual

---

[1]  Accordingly, this Court need not reach the question of whether the inevitable-discovery doctrine applies in this case.  *See* Docket Item 57 at 13-15.

4

basis for the counts, "there is over a three-year gap between the event leading to Count 1 and the event leading to Count 2." *Id.* at 21. Moreover, "events taking place on the same day can lead to different counts in the indictment." *Id.*

In his objection, Chapline argues that Judge Roemer should have focused his inquiry on the text of the indictment rather than the government's representations about the facts underlying each count. Docket Item 61 at 12-13. To illustrate the point, Chapline's counsel posed the following hypothetical in his reply:

> After trial, the jury unanimously agrees that Mr. Chapline committed a single offense of production of child pornography, based on conduct occurring on February 13, 2016. This is the only offense they unanimously agree on. Nevertheless, given the language of Count 1 and Count 2 of the [i]ndictment, these jurors return unanimous verdicts of guilty on both Count 1 and Count 2, because both are technically satisfied by the commission of a production offense on February 13, 2016. This would violate Mr. Chapline's rights under the Double Jeopardy Clause, as he would be twice convicted for a single offense.

Docket Item 66 at 7. "The proper remedy for this defect," Chapline argues, "is election of counts or dismissal [of] both as multiplicitous." *Id.*

In its supplemental brief, the government relies on *United States v. Walsh*, 194 F.3d 37 (2d Cir. 1999). *See* Docket Item 70 at 2-4. The government further offers to provide a bill of particulars, which it claims would demonstrate that the two counts at issue in this case are premised on different facts. *Id.* at 4-5.

In *Walsh*, the Second Circuit explained that a court "may consider the record as a whole in determining whether an indictment is in fact multiplicitous or duplicitous." 194 F.3d at 46; *see also United States v. Miller*, 26 F.Supp.2d 415, 422-23 (N.D.N.Y. 1998) (concluding that unless "an indictment is multiplicitous on its face," the court should wait

5

until after trial to make its determination).  The court in *Walsh* found that the indictment was not multiplicitous on its face because "Counts II and III are at least somewhat distinguished from one another by the body position of the victim, *as well as by different, but overlapping time frames*."  194 F.3d at 46 (emphasis added).  "Moreover, the evidence presented at trial confirmed that" the counts were distinct.  *Id.*

Chapline counters that, in this case, the indictment is multiplicitous on its face.  *See* Docket Item 71 at 2 ("Wholly missing from Counts 1 and 2 in the [i]ndictment against Mr. Chapline are the distinguishing facts present in Counts II and III in *Walsh*.").  And "[n]otably, the [g]overnment has failed to address the very plausible hypothetical set forth" in Chapline's reply.  *Id.* at 2-3.

This Court finds that the indictment here is not multiplicitous on its face because Counts 1 and 2 contain "different[ ] but overlapping time frames."  *Walsh*, 194 F.3d at 46.  The indictment does, however, as Chapline's hypothetical scenario demonstrates, have the potential to create a double-jeopardy issue.  This Court therefore denies Chapline's motion to dismiss without prejudice to his raising this issue after trial if the government fails to introduce evidence supporting two different underlying offenses.  The Court also orders the government to provide a bill of particulars **within 30 days of the date of this decision and order addressing the facts charged in each count**.

Finally, this Court notes that the concern raised by Chapline's hypothetical can be mitigated with an instruction explaining to the jurors that they may not convict on both counts for the same underlying offense.  While it is true, as Chapline observes, "that neither party, nor the Court, can read the minds of members of the jury," Docket Item 71 at 3, "a jury is presumed . . . to follow its instructions," *Weeks v. Angelone*, 528

6

U.S. 225, 226 (2000). Thus, this Court invites Chapline and the government to propose an appropriate instruction prior to trial.

## **CONCLUSION**

For the reasons stated above and in the R&R, Chapline's motion to suppress and to dismiss Counts 1 and 2 of the indictment, Docket Item 39, is DENIED. The denial of Chapline's motion to dismiss Counts 1 and 2 as multiplicitous is without prejudice to his renewing that motion after trial if the government fails to submit evidence of different underlying offenses for each count. The government shall provide a bill of particulars to the defendant and the Court **within 30 days of the date of this decision and order**.

SO ORDERED.

Dated:   May 1, 2020
         Buffalo, New York

                                           */s/ Lawrence J. Vilardo*
                                           LAWRENCE J. VILARDO
                                           UNITED STATES DISTRICT JUDGE