UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                          18-CR-235
                                                                        DECISION & ORDER

ROBERT CHAPLINE,

      Defendant.

---

On November 27, 2018, the defendant, Robert Chapline, was indicted on two counts of production of child pornography, one count of receipt of child pornography, and ten counts of possession of child pornography. Docket Item 29. Later that same day, this case was referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Docket Item 31.

On January 1, 2020, Chapline moved for a supplemental hearing under *Franks v. Delaware,* 438 U.S. 154, 171 (1978)*.* Docket Item 62. On January 23, 2020, the government responded, Docket Item 65, and on February 6, 2020, Chapline replied, Docket Item 66.[1] On March 27, 2020, Judge Roemer issued a Report and Recommendation ("R&R") finding that Chapline's motion should be denied. Docket Item 72.

---

[1] Chapline's motion for a *Franks* hearing initially was brought before this Court along with objections to another Report and Recommendation. At oral argument, this Court referred Chapline's *Franks* motion back to Judge Roemer. *See* Docket Item 67.

On April 10, 2020, Chapline objected to the R&R. Docket Item 73. On April 30, 2020, the government responded to the objection. Docket Item 75. And on May 15, 2020, Chapline replied. Docket Item 77.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R, as well as the objection, response, and reply. Based on that *de novo* review, the Court accepts and adopts Judge Roemer's recommendation to deny Chapline's motion.

## **DISCUSSION**

Chapline argued to Judge Roemer that he is entitled to a supplemental *Franks* hearing based on inconsistencies between statements made by FBI Special Agent Randall Garver in the October 2017 warrant application and the testimony of James Cross at the suppression hearing held on June 10, 2019. *See* Docket Item 72 at 4.[2] According to Chapline, the Court should conduct "a further hearing to determine whether a materially false statement was made knowingly, intentionally, or with reckless disregard for the truth by Agent Garver." *Id.*

More specifically, Chapline noted that "in the warrant application" Garver said "that [Chapline] told James Cross that 'some of the bad stuff [on his electronic devices]

---

[2] The Court assumes the reader's familiarity with the factual background of this case and Judge Roemer's analysis in the R&R, *see* Docket Item 72.

2

is child pornography.'"  *Id.*  At the June 2019 hearing, however, Cross "denied that [Chapline] had told him anything about child pornography[ ] and stated instead that he assumed [Chapline] was referring to adult pornography during the conversation."  *Id.*  Chapline argued to Judge Roemer that Garver's false statement entitled him to a hearing as to whether Garver made the statement knowing that it was false or with reckless disregard for the truth.  *Id.*

In response, the government argued that even if Garver's statement in the warrant application was untrue, it was "not a deliberate or reckless falsehood because it was not Agent Garver who initially interviewed" Cross.  *See id.*  The government noted that Agent Garver relied on information relayed to him by FBI Agent David Knight, the agent who actually interviewed Cross.  *See id.* at 4-5.  The government then argued that because Garver simply relied on information received from Knight in making the warrant application, Garver did not include any knowingly or recklessly false information. *See id.* at 5.

Judge Roemer found that the government could not "insulate one agent's deliberate and false misstatement in an affidavit merely by relaying it through another agent personally ignorant of its falsity."  *Id.*  And he noted that "the Court cannot determine whether Agent Knight's statements to Agent Garver constituted deliberate or reckless falsehoods."  *Id.*  Nevertheless, Judge Roemer found that Chapline was not entitled to a hearing because "assuming, *arguendo*, that Agent Knight made a knowing or reckless false statement which Agent Garver relied upon, the affidavit still establishes probable cause to search [Chapline]'s electronic devices even after the allegedly false information is excised."  *Id.* at 5.  More specifically, he found that "[a] review of the

3

search warrant application shows that the statements made by [Chapline's wife] and [an alleged minor victim] are independently sufficient to establish probable cause that child pornography would be found on electronic devices belonging to [Chapline] without the need for the controverted information from Cross." *Id.* at 6. This Court agrees.

The alleged child victim testified "that Chapline sexually exploited her, including 'photographing her in a sexually suggestive manner.'" Docket Item 76 at 3 (quoting Docket Item 65 at 12). The victim also reported that Chapline "had previously showed her pictures and videos on his tablet and laptop of adults and children having sex." Docket Item 75 at 5. As this Court previously explained in an earlier decision in this case, "[e]ven though it is true that some of the other evidence—such as Chapline's "deep[ ] concern[ ] with the contents of the electronic devices," [Docket Item 65] at 13—could be the result of embarrassment over legal adult pornography, when combined with the victim's testimony, those allegations cross the probable-cause threshold." Docket Item 76 at 4.

Thus, even if Cross's statement that Chapline told him there was child pornography on Chapline's devices was excised from the warrant application, there still would have been probable cause to search Chapline's devices. And for that reason, Chapline is not entitled to a *Franks* hearing. *See United States v. Wapnick*, 60 F.3d 948, 956 (2d Cir. 1995) (explaining that "a *Franks* hearing is required only if, 'with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause'" (footnote omitted) (quoting *Franks*, 438 U.S. at 156)).

Chapline relies on Agent Garver's statement at the end of the warrant application that he had "set forth only the facts that [he] believe[d were] necessary to establish

probable cause." Docket Item 73 at 3. But the prior sentence stated that "[b]ecause this affidavit is being submitted for the limited purpose of seeking a search warrant, [Agent Garver had] not included each and every fact known to [him] concerning this investigation." *See* Docket Item 75 at 6. Thus, read in context, Garver's statement did not indicate that he thought that each and every fact was necessary to support a probable-cause finding; he simply was noting that he did not include factual information about the case that was not pertinent to the warrant application. Moreover, even if Garner thought that each and every fact in his application was necessary to establish probable cause, that is irrelevant because he was not the decision maker: the judge who issued the warrant—and any judges who subsequently review that judge's determination—make the call.

Chapline also challenges the scope of the warrant, arguing that the application did not mention his SanDisk Extreme Pro SD card except in the paragraphs containing the objectionable material. Docket Item 73 at 4. But the remainder of the application presented evidence that Chapline might have child pornography on various electronic devices. There is no reason to parse the SD card or to distinguish it from the "cellular telephones, computers, thumb drives, SD cards, tablets, and cameras" that the application sought permission to search. *See* Docket Item 39 at 2.

And even if Chapline were correct and the warrant application did not provide sufficient evidence to establish probable cause to search the SD card, a *Franks* hearing still would not be required because the content of the SD card would inevitably have been discovered. Under the inevitable discovery doctrine, 'evidence that was illegally obtained will not be suppressed if the government can prove that the evidence would

5

have been obtained inevitably even if there had been no statutory or constitutional violation.'"  *United States v. Mendez*, 315 F.3d 132, 137 (2d Cir. 2002) (internal quotation marks omitted) (quoting *United States v. Roberts*, 852 F.2d 671, 675–76 (2d Cir. 1988)).  As the government observes, "the defendant's tablet was mentioned throughout the warrant application, and upon being searched, was found to contain child pornography, which in turn, would have inevitably led to the search of the other electronic devices from the defendant's residence."  Docket Item 75 n.2.  Because the contents of the SD card inevitably would have been discovered based on the legal search of Chapline's tablet, there is no need to conduct a *Franks* hearing to determine whether evidence found on the SD card should be suppressed.

For all those reasons, this Court adopts Judge Roemer's recommendation to deny Chapline's motion for a supplemental *Franks* hearing.

## **CONCLUSION**

For the reasons stated above and in the R&R, Chapline's motion for a supplemental *Franks* hearing, Docket Item 62, is DENIED.

SO ORDERED.

Dated:   June 12, 2020
         Buffalo, New York

       */s/ Lawrence J. Vilardo*
       LAWRENCE J. VILARDO
       UNITED STATES DISTRICT JUDGE